# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| SHAWNA L. MCBURNETTE | : | Case No. 26-10772-AMC |
| | : | |
| Debtor. | : | |

**STIPULATED CONSENT ORDER PROVIDING FOR TURNOVER OF THE VEHICLE**

WHEREAS, on February 26, 2026 (the "Petition Date"), Shawna L. McBurnette (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania initiating Case No. 26-10772 (AMC);

WHEREAS, prior to the Petition Date, the Debtor obtained motor vehicle financing (the "Financing") from Police and Fire Federal Credit Union ("PFFCU) pursuant to which PFFCU financed the Debtor's purchase of a 2020 Jeep Grand Cherokee, VIN # 1C4RJFBG5LC225597 (the "Vehicle");

WHEREAS PFFCU holds a valid and enforceable security interest in the Vehicle;

WHEREAS, prior to the Petition Date, due to the Debtor's default in her payment obligations to PFFCU, on or about February 25, 2026, PFFCU repossessed the Vehicle;

WHEREAS, the Debtor has requested that PFFCU turnover the Vehicle;

WHEREAS, to avoid the costs of litigation the Parties have agreed to resolve the issues between them.

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed as follows:

1. In exchange for turnover of the Vehicle, the Debtor will pay PFFCU one third of the $640 repossession and storage fee ($214) on or before March 3, 2026, prior to turnover, and

123158266-1
#125481764v1

$214 on or before April 2, 2026 and $212 on or before May 2, 2026 to pay the repossession and storage fees incurred by PFFCU in full.

2. The Debtor further agrees that PFFCU will be paid adequate protection payments in her Chapter 13 plan, retroactive to the petition date, in the amount of $100 from payments made to the Chapter 13 Trustee pending confirmation of a plan, which payments will be applied to the remaining balance owed under the auto loan, being $25,322.34 as of the Petition Date.

3. Debtor will maintain insurance on the Vehicle in accordance with Pennsylvania law, naming PFFCU as loss payee.

4. In exchange for the consideration provided herein, PFFCU will provide the Debtor with the release instructions to arrange pickup of the Vehicle upon its receipt of the initial payment set forth in paragraph 1 above.

5. PFFCU reserves all rights with respect to the Vehicle.

6. Should the Debtor fail to comply with any of the terms of this Stipulation or fail to make payments to the Chapter 13 Trustee such that the payments set forth in paragraph 2 are not received by PFFCU, counsel for PFFCU may serve counsel to the Debtor with a notice of default and Debtor shall have ten (10) days from counsel's receipt thereof to cure the default in full or PFFCU may, without further notice, file a Certification of Default with the Court.

7. The Debtor may not oppose the Certification of Default except on the basis that Debtor has cured the underlying default. If the Debtor cures the default after the certification of default is filed, the Debtor shall be responsible for PFFCU's reasonable fees and costs incurred to prepare and file the Certification.

8. Upon submission of the Certification of Default, the Court shall enter an order granting relief from the automatic stay as to the Vehicle.

9.  Each of the signatories to this Stipulation acknowledges and represents that his or her respective client has reviewed this Stipulation and has authorized the execution of same by his or her undersigned counsel.

10. This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed originals.

CONSENTED TO BY:

                                DILWORTH PAXSON LLP

DATED: March 3, 2026             */s/ Anne M. Aaronson*
                                      Anne M. Aaronson, Esquire
                                      *Attorney for PFFCU*

CONSENTED TO BY:

                                Cibik Law

DATED: March 3, 2026             */s/ E. J. Gruber*
                                      E. J. Gruber
                                      *Attorney for Debtor*

CONSENTED TO BY:                 Chapter 13 Trustee
                                      */s/ Ann Swartz*
                                      Scott F. Waterman
                                      *Chapter 13 Trustee*

DATED: March 3, 2026

SO ORDERED:

ENTERED ON: _____       _____
                                              The Honorable Ashely M. Chan
                                              United States Bankruptcy Judge